IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                CRIMINAL ACTION NO. 1:03cr91WJG-JMR-1
                                                                      CIVIL ACTION NO. 1:05cv290WJG-JMR

LEVORNE EVANS HAWTHORNE, JR.

O R D E R

This cause comes before the Court on defendant Levorne Evans Hawthorne, Jr.'s motion [65-1]to vacate and set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255(3).

According to his *habeas corpus* petition, Hawthorne contends that his counsel, Doyle Lee Coats, was ineffective for failing to advise him of the consequences of his guilty plea concerning his right to appeal, the application of the United States Sentencing Guidelines [USSG], and his right to file a post-conviction motion. (Ct. R., Doc. 65, p. 5.) Hawthorne further alleges that he was to be held accountable for cocaine base rather than cocaine hydrochloride, and that the jury should have determined his offense conduct. (*Id*., pp. 6-7.) He contends that his attorney should have objected to the use of the USSG as mandatory as opposed to discretionary in determining his sentence. (*Id*., p. 9.)

Hawthorne was indicted on October 21, 2003, in a three-count indictment which alleges charges of possession with intent to distribute in excess of 50 grams of cocaine base, commonly known as crack; and possession with intent to distribute less than 500 grams of a mixture of substance containing a detectable amount of cocaine hydrochloride. (Ct. R., Doc. 2.) Hawthorne pleaded guilty to Count 2 of the indictment on February 9, 2004, pursuant to a Memorandum of Understanding [MOU]. (Ct. R., Docs. 47-48.) He was sentenced on May 4, 2004, to a term of 108 months imprisonment followed by 3 years of supervised release and a special assessment of $100. (Ct. R., Doc. 53.) Counts 2 and 3 of the indictment were dismissed upon motion of the United States of America [United States] at sentencing. (*Id*.) As part of the plea agreement,

Hawthorne waived his right to appeal and to challenge his conviction under 28 U.S.C. § 2255. (Ct. R., Doc. 47, pp. 4-5.)

The United States maintains that the *habeas* petition was untimely filed on June 13, 2005, more than one year after Hawthorne's judgment was final. (United States' Resp., p. 2.) According to the United States, Coats was not ineffective because his performance did not fall below an objective standard of reasonableness. (*Id*., p. 4.)

According to an affidavit filed by Coats, he was appointed to represent Hawthorne on December 5, 2003. (Ct. R., Doc. 68, Coats Aff., p. 1.) Coats avers that on January 19, 2004, Hawthorne informed him that he wanted to enter a plea of guilty to Count 2 of the indictment if that arrangement could be made. (*Id*., p. 2.) After negotiations with the Assistant United States Attorney [AUSA], John Meynardie, and receipt of a proposed MOU, Coats met with Hawthorne on January 28, 2004. (*Id*.)  Coats avers that he reviewed the proposed MOU word for word with Hawthorne, and that Hawthorne indicated that he understood the terms of the plea and wished to continue with the plea. (*Id*., p. 3.)

Coats stated that Hawthorne admitted the allegations set out in Count 2 of the indictment during the plea hearing and informed the Court that he wanted to change his plea to guilty of the charges contained in Count 2 of the indictment in exchange for dismissal of the other counts contained in the indictment. (*Id*., p. 4.)

Coats reviewed the presentence investigation report on Hawthorne on March 31, 2004, and met with his client to review the report and the facts of the case, along with the sentencing guidelines and possible objections. (*Id*., pp. 4-5.)  Formal objections to the presentence report were prepared and reviewed with Hawthorne on April 2, 2004. (*Id*., p. 5.) Coats avers that the objections were approved by Hawthorne and covered basically the same issues as those raised in Hawthorne's *habeas* petition. (*Id*.)

During the sentencing hearing, Hawthorne stated that he reviewed the presentence report with his attorney. (Ct. R., Doc. 69, p. 2.) One of the challenges to the report was the proof that the United States could base its calculation for sentencing on quantities of crack cocaine and not cocaine powder. (*Id*., p. 3.) Hawthorne presented sworn testimony during the hearing that he possessed powder cocaine and not crack

cocaine, and that he never sold, made, or attempted to make crack cocaine. (*Id*., pp. 4-5.) Hawthorne testified that he purchased 28 grams of cocaine to split between the two co-defendants in this case and himself, although the drugs were never split. (*Id*., pp. 5-6.) Hawthorne admitted to buying powder cocaine for his personal consumption. (*Id*., p. 7.)

Testimony from Terry Davis, a member of the Gulfport Police Department assigned to the Drug Enforcement Administration as a task force agent, indicated that Hawthorne had a strong affiliation with the co-defendants in this case who were involved in manufacturing cocaine powder into cocaine base. (*Id*., pp. 11-12.) A confidential source told the officers that Hawthorne and the co-defendants were planning to pool their money to purchase cocaine powder, then go to an undisclosed location to convert the powder to cocaine base. (*Id*., p. 12.) Davis testified that in his experience it is normal for a group of individuals to pool their money to purchase large quantities of cocaine for the future manufacturing of cocaine base. (*Id*., pp. 13-14.) The confidential source also told Davis that Hawthorne asked her if she wanted to pool money to purchase the cocaine to convert to crack. (*Id*., p. 14.)

One of the co-defendants, Brandon Benoit[1], told Davis that the group intended to purchase powder cocaine for the purpose of later converting that powder cocaine to crack cocaine. (*Id*., p. 21.) The individual from whom the cocaine was purchased was familiar to law enforcement as an individual who sells cocaine and crack cocaine. (*Id*.) As a result of this evidence, Hawthorne's objections to the classification of the cocaine powder being purchased to convert that powder to crack cocaine as outlined in the presentence report was overruled. (*Id*., p. 22.)

I.     Waiver

As part of the plea bargain agreement with the United States, Hawthorne waived the right to appeal his conviction and to seek post-conviction relief in the MOU. (Ct. R., Doc. 47, p. 4.) The right to appeal a

---

[1] Benoit pleaded guilty to Count 2 of the indictment of February 3, 2004, and was sentenced in this case on May 3, 2004. (Ct. R., Docs. 46, 57.)

criminal conviction is a statutory right, not a constitutional right. *Abney v. United States*, 431 U.S. 651, 656 (1977). Plea bargain agreements are "contractual in nature and are to be construed accordingly." *United States v. Moulder*, 141 F.3d 568, 571 (5th Cir. 1998). Statutory rights, including the right to appeal, can be waived as part of an informed and voluntary plea, and waiver of post-conviction relief will bar such relief under the proper circumstances. *See United States v. Melancon,* 972 F.2d 566, 567 (5th Cir. 1992); *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002), *cert. denied* 522 U.S. 882. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991), *cert. denied* 501 U.S. 1238.

In certain circumstances, a waiver may not apply to collateral attacks based upon ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919; *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983).

Hawthorne must show the following to establish ineffective assistance of counsel: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 689-94 (1984). In cases involving a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). In other words, Hawthorne "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Glinsey*, 209 F.3d at 392. Accordingly, the Court will address Hawthorne's allegations.

II.     <u>Voluntary Plea</u>

Federal courts must uphold a guilty plea challenged in a *habeas* petition if the plea was knowing, voluntary and intelligent. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000), *cert. denied* 532 U.S. 1067 (2001); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The United States Supreme Court has held that by entering a plea of guilty, a defendant waives several federal constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Courts have consistently held that express articulation and waiver of each of these rights are

not required; however, the record must show that the plea was voluntary. *Neyland v. Blackburn*, 785 F.2d 1283, 1287 (5th Cir.), *cert. denied* 479 U.S. 930 (1986). "A guilty plea is involuntary if it is made in ignorance of its consequences, including the length of any possible sentence." *United States v. Ammirato*, 670 F.2d 552, 555 (5th Cir. 1982) (citing *Cheely v. United States*, 535 F.2d 934, 935 (5th Cir. 1976)). "If the record shows the defendant 'understood the charge and its consequences,' this Court will uphold a guilty plea as voluntary even if the trial judge failed to explain the offense." *James*, 56 F.3d at 666 (quoting *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir. 1987)). The "consequences" of a guilty plea in the context of sentencing "mean only that the defendant must know the maximum prison term and fine for the offense charged." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982), *cert. denied* 459 U.S. 867.

As reflected in the transcript of Defendant's change of plea hearing, (Ct. R., Doc. 70) the Defendant, upon being sworn was questioned extensively by the Court regarding his competency to enter a plea, his satisfaction with counsel, and the voluntariness of his plea; Defendant responded affirmatively to all questioning by the Court. The Court explained the Defendant's rights, explained the charges against the Defendant, and advised him of the maximum incarceration term and maximum fine that could be imposed upon him. The plea colloquy establishes that Hawthorne's plea was knowing and voluntary. *United States v. Salado*, 339 F.3d 285, 293 (5th Cir. 2003). The Court finds no grounds to grant *habeas* relief based on any claim that may arise that Hawthorne's claim plea was not knowingly or voluntarily entered, or that he did not fully understand the consequences or parameters of the MOU, including the sentence. *Blackledge v. Allison,* 431 U.S. 63, 73 (1977).

III.    Cocaine Base and Cocaine Hydrochloride

Hawthorne claims that his plea was tendered to a charge of possession with intent to distribute cocaine hydrochloride and not cocaine base as outlined in his sentence. (Ct. R., Doc. 65, p. 6.) Conviction of a distribution charge under 21 U.S.C. § 841(a)(1) such as Hawthorne was charged with violating in Count 2 of the indictment in this case, requires proof that the defendant knowingly delivered a controlled substance to someone else. *United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996).

At sentencing, a district court may consider relevant conduct, including "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B); *see also United States v. Schorovsky,* 202 F.3d 727, 729 (5th Cir. 2000). In other words, even if Hawthorne's assertions regarding his intent to use the cocaine hydrochloride for personal purposes were true, the Court correctly found, based on the evidence shown at the sentencing hearing regarding the conduct of his co-defendants that the cocaine base was attributable to Hawthorne for sentencing purposes. *United States v. Willis*, 273 F.3d 592, 598-9 (5th Cir. 2001). The Court finds no reason to grant *habeas* relief based on this ground.

IV.     Timeliness of *Habeas* Petition and Application of Mandatory Sentencing Guidelines

Hawthorne contends that his sentence should be vacated because it was imposed using a mandatory sentencing guideline scheme. (Ct. R., Doc. 65, p. 8.) Hawthorne was sentenced on May 4, 2004, and the judgment was entered in this case on May 25, 2004. (Ct. R., Doc. 54.) Hawthorne did not file an appeal in this case, and his motion to vacate was filed June 13, 2005. (Ct. R., Doc. 65.)

Section 2255 provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Hawthorne's petition was sent to the Court more than one year after his conviction became final; therefore it is untimely and must be denied, unless another provision of section 2255 applies.

"Generally speaking, federal *habeas corpus* petitioners may not rely on new rules of criminal procedure decided after their convictions have become final on direct appeal." *United States v. Gentry,* 432 F.3d 600, 602 (5th Cir. 2005) (*citing Schriro v. Summerlin,* 542 U.S. 348 (2004)). Because this case already

was final at the time that the rule in *Booker*[2] was announced, and *Booker* is not retroactively applicable on collateral review, Hawthorne's arguments to the contrary are without merit. Consequently, the Court finds no reason to grant Hawthorne's motion to vacate based on these assertions.

V.	Claim of Ineffective Assistance of Counsel

A defendant can waive his right to file a motion pursuant to 28 U.S.C. § 2255, however, that waiver may not apply to a claim of ineffective assistance of counsel. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994.) Hawthorne's claim of ineffective assistance of counsel can be proven by showing: (1) that Coats' performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). A petitioner must meet both prongs of the *Strickland* test to succeed. *See Strickland*, 466 U.S. at 687. Prejudice is proven in a non-capital sentencing proceeding when a defendant establishes that, but for the deficient performance of counsel, his sentence would have been significantly less harsh. *United States v. Acklen,* 47 F.3d 739, 742 (5th Cir. 1995). In determining whether a counsel's performance was deficient, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

According to Hawthorne, Coats was ineffective because he did not inform Hawthorne that he was giving up his right to file an appeal, post-conviction motion, and the manner in which his sentence was imposed. (Ct. R., Doc. 65, p. 5.) In addition, Hawthorne contends that Coats did not object to the imposition of a sentence based on cocaine base (crack) when Hawthorne tendered a plea of guilty to possession with intent to distribute cocaine hydrochloride. (*Id*.) Hawthorne claims that Coats did not explain the consequences of waiving his right to file a *habeas* petition. (*Id*.)

As long as the defendant understood the length of time he might possibly receive as his sentence, he was fully aware of his plea consequences and his guilty plea was not unknowing or involuntarily, even if he

---

[2]*United States v. Booker,* 543 U.S. 220 (2005).

received erroneous advice of counsel regarding the sentence likely to be imposed. *United States v. Santa Lucia,* 991 F.2d 179, 180 (5th Cir. 1993). Hawthorne claims that Coats should have objected to the use of relevant conduct in the calculation of his sentence on the grounds that use of the guideline was unconstitutional. (Ct. R., Doc. 65, pp. 9-10.)

"In the first place, consideration of relevant conduct in the selection of a defendant's sentence within the range of permissible punishment established by Congress for his offense of conviction is not the equivalent of prosecuting the defendant for an offense additional to his offense of conviction . . . . Thus, if the government promises not to prosecute a defendant for certain offenses in exchange for a guilty plea to a different offense, the sentencing court may nevertheless consider the relevant but uncharged conduct as long as the punishment selected is within the statutory range for the offense of conviction." *United States v. McCaskey,* 9 F.3d 368, 377 (5th Cir. 1993) (internal quotation marks omitted), *cert. denied,* 511 U.S. 1042 (1994).

Hawthorne contends that because his sentence was based on relevant conduct that was not proven beyond a reasonable doubt or admitted by him, it violates the Sixth Amendment as interpreted by the Supreme Court in *Booker.* (Ct. R., Doc. 65, p. 6.) The Sixth Amendment does not prohibit a sentencing judge from finding all the facts relevant to sentencing. *See United States v. Mares,* 402 F.3d 511, 519 (5th Cir.), *cert. denied,*___ U.S. ___, 126 S.Ct. 43 (2005); *United States v. Lopez-Urbina,* 434 F.3d 750, 759 (5th Cir. 2005); *United States v. Alonzo,* 435 F.3d 551, 553 (5th Cir. 2006). The Court concludes that Hawthorne has not shown a Sixth Amendment violation in his sentence. *Alonzo*, 435 F.3d at 553.

Moreover, the evidence indicates that Hawthorne's waiver of appeal was both knowing and voluntary. His signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255. (Ct. R., Doc. 47.) During his plea hearing, the Court summarized the indictment, noted the mandatory minimum and maximum terms of imprisonment under the statute, and specifically questioned Hawthorne about his appeal waiver. (Ct. R., Doc. 70, pp. 6-15.) Hawthorne informed the Court that he understood that he was waiving his right to appeal his sentence under any circumstances. (Ct. R., Doc. 70, pp. 12-13.)

Hawthorne's "[s]olemn declarations in open court carry a strong presumption of verity." *Allison,* 431 U.S. at 73-4.

Hawthorne has not shown that Coat's performance in counseling Hawthorne to accept a plea agreement that included a waiver of appeal rights was deficient. There is no evidence that Coats pressured him to accept the plea agreement, because Hawthorne responded negatively when asked if anyone threatened, forced or coerced him to enter a plea of guilty and he repeatedly answered in the affirmative that he was pleading guilty voluntarily. (Ct. R., Doc. 70, pp. 11-13.)

In addition, there is no evidence that Hawthorne received ineffective assistance of counsel because Coats did not advise him fully about the terms of the plea agreement or of his potential sentence exposure. (Ct. R., Docs. 65, 69-70.) Hawthorne confirmed during his plea colloquy that he understood that he faced a statutory maximum sentence of 20 years, a $1,000,000 fine and a period of supervised released of at least three years. (Ct. R., Doc. 70, pp. 10-11.) The Court concludes that Hawthorne produced no evidence to establish that he did not voluntarily enter his guilty plea, or that Coats rendered ineffective assistance regarding Hawthorne's potential sentence. *See United States v. White*, 307 F.3d 336, 343-4 (5th Cir. 2002).

The Court recognizes the fact that Coats successfully negotiated a plea agreement under which Hawthorne received substantial benefits indicates that his performance was not deficient. As a result of the plea agreement, the United States moved to dismiss two counts of the indictment at Defendant's sentencing hearing, and Hawthorne's offense level was reduced by three levels based on his acceptance of responsibility as evidenced by his decision to enter a guilty plea. (Ct. R., Doc. 69, p. 24.) The Court is unable to say that counseling Hawthorne to accept this plea agreement falls outside the range of competence required of a defense attorney under the deferential *Strickland* standard. The record in this case rebuts Hawthorne's unsupported assertions that Coats' performance was defective regarding his advice concerning the plea agreement.

In addition, to establish grounds for relief on claims of ineffective assistance of counsel in connection with Hawthorne's arguments, Hawthorne must establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S.

at 688; *see Magnum v. Hargett,* 67 F.3d 80, 86 (5th Cir. 1995).  Unfortunately for Hawthorne, the record establishes anything but this standard.  The Court finds no merit to Hawthorne's attempt to attack Coats' professional competence and further finds no reason to conclude that "but for" Coats' performance and advice Hawthorne was convicted of a crime for which he had no involvement.

The Court concludes that Hawthorne fails to meet the first prong of *Strickland* in this claim, and has not shown that Coats' performance was deficient.  In light of these findings, the Court fails to find any evidence in the record supporting Hawthorne's contentions regarding Coats' performance.  *See Coleman v. Thompson*, 501 U.S. 722 (1991); *United States v. Shaid*, 937 F.2d  228 (5th Cir. 1991), *cert. denied* 502 U.S. 1076 (1992).  The Court concludes that there are no valid grounds for *habeas* relief in Hawthorne's challenge. It is therefore,

ORDERED AND ADJUDGED that Hawthorne's motion to vacate [65-1] the previously imposed sentence be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 6th day of August, 2006.

      *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE